IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DEWITT WRIGHT,

      Petitioner,                        No. CIV S-05-2041 FCD DAD P

   vs.

STATE SUPERIOR COURTS, et al.,

      Respondents.                ORDER

_____/

        Petitioner, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not paid the $5.00 filing fee and has submitted only the first page of an application to proceed in forma pauperis. Petitioner's incomplete application will be denied without prejudice to the filing of a properly completed application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a).

        The court has examined petitioner's habeas petition and finds it unintelligible. Petitioner alleges that he is confined at "Crest Wood Mior State" and identifies the respondent as "The State Superior Courts." Petitioner alleges that the judgment of conviction under attack was entered by "The State Superior Courts." Petitioner does not provide the date of any judgment of conviction and describes the length of his sentence as "1994 up concurrant 2004." Petitioner claims his offense was "United States Offense Venu / State Consertiveship Subtainry

1

Punishments Incaratsions Dislaw Took Roche" [sic].  Petitioner's allegations concerning post-conviction proceedings are baffling and fail to support petitioner's conclusory assertion that "al state remedy exhusted."  Petitioner appears to be asserting four grounds for relief, but those grounds for relief are incomprehensible.  Attachments to the form petition include copies of a final judgment and part of an order dismissing case No. CIV S-04-2506 LKK CMK for failure to exhaust state remedies and for failure to meet the "in custody" requirements of § 2254(a). Other attachments appear to be copies of documents filed in recent conservatorship proceedings in Sacramento County Superior Court.  A separately filed document addressed to the Clerk of the United States Supreme Court sheds no light on petitioner's claims.

        A federal court may not entertain a petition for writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court unless the petition has been brought on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  "If it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  See Rule 4, Fed. R. Governing § 2254 Cases.

        In the present case, petitioner's petition fails to identify the judgment of conviction under attack, fails to allege facts demonstrating exhaustion of state court remedies, and fails to allege cognizable federal claims.  Petitioner's defective petition will be dismissed with leave to file an amended petition in which petitioner provides all the required information, sets forth federal grounds for relief, and demonstrates exhaustion of state court remedies on the federal claims.  Petitioner's amended petition must be submitted on a proper form, must be titled "Amended Petition," and must bear the case number assigned to this case.  Petitioner must name as respondent the warden or other person in charge of the facility where he is confined.

/////

Accordingly, IT IS ORDERED that:

1. Petitioner's October 11, 2005 application to proceed in forma pauperis is denied as incomplete;

2. Petitioner's October 11, 2005 petition for writ of habeas corpus is denied as incomplete and unintelligible;

3. Petitioner is granted thirty days to file a properly completed application to proceed in forma pauperis and an amended petition for writ of habeas corpus that cures the defects noted in this order; petitioner's failure to comply with this order in a timely manner will result in a recommendation that this action be dismissed without prejudice; and

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis application form and the habeas petition form used in this district.

DATED: October 24, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
wrig2041.115